

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of Wisconsin*

*Federal Courthouse*      *(414)297-1700*
*517 E. Wisconsin Ave, Rm 530*      *Fax (414) 297-1738*
*Milwaukee WI 53202*      *www.justice.gov/usao/wie*

October 11, 2019

Honorable Judge J.P. Stadtmueller
U.S. District Court-Eastern District of Wisconsin
517 E. Wisconsin Ave., Rm. 471
Milwaukee, WI 53202

    Re:     United States v. Justin A. Behn
               Case No. 19-CR-155

Dear Judge Stadtmueller:

On October 7, 2019, the defendant filed a motion entitled Unopposed Motion for Extension of Pretrial Deadlines and to Adjourn Trial. The government filed a written response to the motion on October 8, 2019. The Court held a hearing on this motion on October 9, 2019. At that hearing, the Court ordered the parties to confer and select from among two options as to how to proceed: The parties could agree to extend the current motions deadlines and trial date by one week, or the Court could dismiss the government's case without prejudice, and the government could refile after it had finished examination of all of the digital devices seized pursuant to search warrants at the time of the defendant's arrest and made these items available for inspection by the defense. The Court indicated that the reason it could only offer a one-week extension was because, due to strained judicial resources, no other dates were available thereafter until February of 2020.

The parties have conferred as the Court ordered. Defense counsel has filed a letter setting forth the defense's position that there remain materials that the defense needs to review in order to determine whether there is a viable motion for a *Franks* hearing to be filed. The defense has expressed acceptance of the possibility of a February trial date in order to facilitate this opportunity.

1

The government has no objection to this request, or to a continuance of whatever length the Court deems necessary for the defense's review of the seized digital devices and the management of the Court's calendar. With that said, the government writes separately in order to make the distinctions from the defense's position that follow:

First, the government is ready for trial on the currently-set date. The evidence the government has collected to date, in the form of witness testimony, photographs, and physical evidence, is sufficient to prove the crimes charged in the indictment. The government has complied with its discovery obligations under Rule 16 and been responsive to questions and requests from the defense. The government will continue to comply with its obligations and will ensure that the defense has an opportunity to inspect all items seized from the defendant at the time of his arrest that it wishes to review before trial.

Second, nothing in the defendant's digital devices could give rise to a legal basis for a *Franks* motion because the contents of those devices have no bearing on the knowledge or good faith of the search warrants' affiant. For this reason, no extension of time to file motions or adjournment of the trial is necessary from the government's perspective.

Third, because of the government's positions with respect to the former matters, the government cannot agree that its case should be dismissed, either on its own motion or on the basis of an unnecessary delay. The government regrets that demands upon the Court's and defense counsel's schedules make the suggested timeframes of a one-week extension (as offered by the Court) or a 15-day extension (as proposed by defense counsel) unworkable, however the government has complied with its legal obligations and stands ready to discharge its duties.

    Sincerely,

    MATTHEW D. KRUEGER
    United States Attorney

By: */s/ Erica J. Lounsberry*
    ERICA J. LOUNSBERRY
    Assistant United States Attorney

2