UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                           Case No. 2019-CR-155

JUSTIN A. BEHN,

        Defendant.

## PLEA AGREEMENT

1.      The United States of America, by its attorneys, Matthew D. Krueger, United States Attorney for the Eastern District of Wisconsin, and Erica J. Lounsberry, Assistant United States Attorney, and the defendant, Justin A. Behn, individually and by attorney Robert LeBell, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2.      The defendant has been charged in a two-count indictment, which alleges violations of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

3.      The defendant has read and fully understands the charges contained in the indictment. He fully understands the nature and elements of the crimes with which he has been charged, and those charges and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4. The defendant voluntarily agrees to plead guilty to the following count set forth in full as follows:

## COUNT ONE

**THE GRAND JURY CHARGES THAT:**

1. On or about August 20, 2019, at XXXX Grand Avenue, Hartford, Wisconsin, in the State and Eastern District of Wisconsin,

**JUSTIN A. BEHN,**

knowing that he previously had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed firearms and ammunition which, prior to his possession of them, had been transported in interstate commerce, the possession of which was therefore in and affecting commerce.

2. The firearms are more fully described as:

    a. One German Sports Gun, model GSG-5, .22 LR rifle, bearing serial number A321841;
    b. One Grendel, model P12, .380 caliber pistol bearing serial number 33430;
    c. One Fabrique Nationale rifle, caliber unknown, bearing serial number 62610; and
    d. One Fabrique Nationale, model Five-seven, 5.7mm pistol, bearing serial number 386117683.

3. The ammunition is more fully described as:

    a. Twenty rounds of Fabrique Nationale 5.7x28 ammunition;
    b. 550 Winchester 12 gauge shotgun rounds;
    c. One Winchester .243 round;
    d. Five Winchester .380 rounds; and
    e. Thirty-five Winchester .45 auto rounds.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

5. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the facts in Attachment A beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt. This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in this offense.

## PENALTIES

6. The parties understand and agree that the offense to which the defendant will enter a plea of guilty each carries a maximum term of imprisonment of 10 years, a maximum fine of $250,000, a mandatory special assessment of $100, and a maximum of 3 years of supervised release.

7. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

## ELEMENTS

8. The parties understand and agree that in order to sustain the charge of possession of a firearm and/or ammunition by a felon as set forth in Count One, the government must prove each of the following propositions beyond a reasonable doubt:

First, the defendant knowingly possessed a firearm or ammunition;

Second, at the time of the charged act, the defendant was a person who had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year;

Third, the defendant knew he was a person who had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year; and

Fourth, the firearm or ammunition had been shipped or transported in interstate

commerce.

## SENTENCING PROVISIONS

9. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

10. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

11. The defendant acknowledges and agrees that his attorney has discussed the potentially applicable sentencing guidelines provisions with him to the defendant's satisfaction.

12. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

## DISMISSAL OF REMAINING COUNT

13. The government agrees to move to dismiss the remaining count of the indictment at the time of sentencing.

### Sentencing Guidelines Calculations

14. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any

2

particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

### Relevant Conduct

15. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

### Base Offense Level

16. The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in Count One is 20 under Sentencing Guidelines Manual § 2K2.1(a)(4)(B).

### Specific Offense Characteristics

17. The parties agree to recommend to the sentencing court that a 2-level increase for possession of 3-7 firearms under Sentencing Guidelines Manual § 2K2.1(b)(1) is applicable to the offense level for the offense charged in Count One.

### Acceptance of Responsibility

18. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-

level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

## Sentencing Recommendations

19. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

20. Both parties reserve the right to make any recommendation regarding any and all factors pertinent to the determination of the sentencing guideline range; the fine to be imposed; the amount of restitution and the terms and condition of its payment; the length of supervised release and the terms and conditions of the release; and any other matters not specifically addressed by this agreement.

21. The government agrees not to challenge the defendant's release on bond prior to sentencing unless additional facts come to light that warrant otherwise.

22. The parties understand that the defense will recommend a sentence of no less than 12 months of imprisonment, and the government will recommend a sentence of no more than 18 months of imprisonment.

## Court's Determinations at Sentencing

23. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above. The parties further understand that the sentencing court

4

will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

24. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## **FINANCIAL MATTERS**

25. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant further understands that any payment schedule imposed by the sentencing court shall be the minimum the defendant is expected to pay and that the government's collection of any and all court imposed financial obligations is not limited to the payment schedule. The defendant agrees not to request any delay or stay in payment of any and all financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs participation or imposes a schedule of payments.

### **Special Assessment**

26. The defendant agrees to pay the special assessments totaling $100 prior to or at the time of sentencing.

### **Forfeiture**

27. The defendant agrees that all properties listed in the indictment constitute the proceeds of the offense to which he is pleading guilty, or were used to facilitate such offense. The defendant agrees to the forfeiture of these properties and to the immediate entry of a preliminary order of forfeiture. The defendant agrees that he has an interest in each of the listed properties. The parties acknowledge and understand that the government reserves the right to proceed against assets not identified in this agreement.

## DEFENDANT'S WAIVER OF RIGHTS

28. In entering this agreement, the defendant acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

   a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

   b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

   c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

   d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

   e. At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

29. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights.

6

The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

30. The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

31. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

32. Based on the government's concessions in this agreement, the defendant knowingly and voluntarily waives his right to appeal his conviction or sentence in this case and further waives his right to challenge his conviction or sentence in any post-conviction proceeding. As used in this paragraph, the term "sentence" means any term of imprisonment, term of supervised release, term of probation, supervised release condition, fine, forfeiture order, and restitution order. The defendant's waiver of appeal and post-conviction challenges includes the waiver of any claim that (1) the statutes or Sentencing Guidelines under which the defendant is convicted or sentenced are unconstitutional, and (2) the conduct to which the defendant has admitted does not fall within the scope of the statutes or Sentencing Guidelines. This waiver does not extend to an appeal or post-conviction motion based on (1) any punishment in excess of

7

the statutory maximum, (2) the sentencing court's reliance on any constitutionally impermissible factor, such as race, religion, or sex, (3) ineffective assistance of counsel, or (4) a claim that the plea agreement was entered involuntarily.

### Further Civil or Administrative Action

33. The defendant acknowledges, understands, and agrees that the defendant has discussed with his attorney and understands that nothing contained in this agreement, including any attachment, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

### GENERAL MATTERS

34. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

35. The parties acknowledge, understand, and agree that if the court orders that this agreement be sealed, this agreement will remain under seal and not become part of the public record in this case as specified in the court's sealing order.

36. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

37. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed.

8

The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

**EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT**

38. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

**VOLUNTARINESS OF DEFENDANT'S PLEA**

39. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 10-23-19

_____
JUSTIN A. BEHN
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 10/23/19

_____
ROBERT LEBELL
Attorney for Defendant

For the United States of America:

Date: 10/23/19

_____
MATTHEW D. KRUEGER
United States Attorney

Date: 10/23/19

_____
ERICA J. LOUNSBERRY
Assistant United States Attorney

10

## ATTACHMENT A

In early July of 2019, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) received information that Justin BEHN was in possession of multiple firearms and ammunition. ATF obtained certified documentation of judgements of conviction against BEHN for three felony cases in the state of Wisconsin. First, BEHN was convicted of Second Degree Sexual Assault of a Child in Waukesha County case 2005CF000665 on May 3, 2006. Second, BEHN was convicted of Operating a Vehicle to Flee or Elude an Officer in Ozaukee County court case 2005CF000208 on June 21, 2006. Third, BEHN was convicted of Failure to Report to Jail in Ozaukee County case 2007CF000065 on June 5, 2007. BEHN knew that he had been convicted of these crimes and that they were punishable by terms of imprisonment of more than one year.

On August 12, 2019, the Honorable Judge Nancy Joseph issued a search warrant for BEHN's residence, located at 15XX Grand Avenue in Hartford, Wisconsin. On the morning of August 20, 2019, ATF Special Agents executed the warrant at BEHN's residence. During the execution of that warrant, ATF Special Agents located the following firearms and ammunition in an upstairs bedroom:

- A German Sports Gun, model GSG-5, .22 LR rifle, bearing serial number A321841;
- A Grendel, model P12, .380 caliber pistol bearing serial number 33430 loaded with five rounds of Winchester .380 ammunition;
- A Fabrique National rifle, caliber unknown, bearing serial number 62610;
- 550 Winchester 12 gauge shotgun rounds;
- One Winchester .243 round;
- Three additional Wincehster .380 rounds; and
- Thirty-five Winchester .45 auto rounds.

This bedroom also contained clothing that was identified as belonging to BEHN.

In the master bedroom on the second floor, ATF Special Agents located a Fabrique Nationale (FN), model Five-seven, 5.7mm pistol, bearing serial number 386117683 containing 20 rounds of FN 5.7x28 ammunition. In an office in the basement of the home, ATF Special

11

Agents found one Winchester .45 auto round of ammunition. No other occupants were living or staying in the home at that time.

In the evening on August 20, 2019, ATF Special Agents executed a second search warrant on BEHN's 2016 Forest River, Inc. Motor Home, VIN #1FVACXDT1FHGR9505, which was located a truck stop on Pioneer Road in Richfield, Wisconsin. Inside, they located the following firearms and ammunition:

- One Izhmash 12 gauge shotgun bearing serial number 13601362;
- One Smith & Wesson model SW1911 .45 caliber handgun bearing serial number UCW8629;
- Twelve rounds of Western Cartridge Co. 12 gauge ammunition;
- Eight rounds of Hornady .45 caliber ammunition;
- One 12 gauge shotgun magazine with 3 rounds of 12 gauge ammunition; and
- Approximately 1,650 rounds of FNH caliber 5.7 x 28 mm ammunition.

Within the motor home, agents also found BEHN's passport, BEHN's birth certificate, a bottle of medication prescribed to BEHN, various electronics used by BEHN, several years of tax paperwork for BEHN, and the case and paperwork for the FN Model F.S. IOM handgun that had been found inside BEHN's residence.

All of the above-described firearms and ammunition were reviewed by ATF Acting Resident Agent in Charge Ryan Arnold, who has completed Interstate Nexus training in the origins and manufacturing of firearms and ammunition. ARAC Arnold determined that none of these firearms or ammunition rounds were manufactured in the State of Wisconsin, and therefore they have all traveled in interstate commerce.